**IVINSON MEMORIAL HOSPITAL, Appellant (Plaintiff),**

**v.**

**James P. SWINDLER, Jr., Personal Representative of the Estate of David Javens, Appellee (Defendant).**

**No. 91–201.**

Supreme Court of Wyoming.

April 10, 1992.

Paul D. Schierer of Pence and MacMillan, Laramie, for appellant.

George L. Zimmers of Zimmers and Lopez, Laramie, for appellee.

Before URBIGKIT, C.J., THOMAS, MACY and GOLDEN, JJ., and GRANT, District Judge.

MACY, Justice.

Appellant Ivinson Memorial Hospital filed a complaint in the district court, seek-

ing to recover $2,133.87 [1] owed to it by Appellee James P. Swindler, Jr., as the personal representative of the estate of David Javens.[2] The district court dismissed the petition because the matter was not within the district court's jurisdiction.

We affirm.

The hospital claims that the dismissal was erroneous as the district court had jurisdiction pursuant to Wyo.Stat. § 2-2-101 (Supp.1991)[3] (district court has exclusive jurisdiction in probate matters). Swindler asserts that the matter was within the exclusive jurisdiction of the county court pursuant to Wyo.Stat. § 5-5-131(a)(i) (Supp.1991) (county court has exclusive jurisdiction when prayer for recovery is for an amount not exceeding $7,000).

The complaint alleges that the hospital submitted a creditor's claim to Swindler and that Swindler rejected the claim by a notice mailed on May 13, 1991. The hospital filed its complaint on June 7, 1991. Section 2-2-101 vests the district court with exclusive jurisdiction "of all matters touching the settlement and distribution of ... estates"; however, that grant of exclusive jurisdiction is tempered by the following sentence: "The jurisdiction over subject matter of the district court sitting in probate, sometimes referred to in this Title 2 as the 'probate court', is coextensive with the jurisdiction over subject matter of the district court in any civil action." Wyo.

Stat. § 2-7-717 (1980) authorizes the filing of a suit such as that at issue here once a creditor's claim has been rejected and the rejection has been filed with the clerk. Wyo.Stat. § 2-7-718 (1980) directs that a suit filed against a personal representative must be brought in the proper court. In this instance, the proper court was the county court because its civil jurisdiction extended to this claim and the district court's jurisdiction did not. Wyo.Stat. § 2-7-719 (1980) also contemplates the suit at issue and requires that any judgment obtained in such a suit be filed with the clerk. The hospital did not follow this procedure.

The matters alleged in the complaint were within the exclusive jurisdiction of the county court as provided in § 5-5-131(a)(i). If a judgment on the complaint were obtained from the proper court, it could then be filed in the probate court, assuming all other relevant provisions of the probate code had been followed.

Affirmed.

---

1. The hospital also sought prejudgment and post-judgment interest, as well as attorney's fees.

2. The hospital performed the services in question for Javens during his last illness.

3. Section 2-2-101 (emphasis added) provides:

The district courts of the state have exclusive original jurisdiction of all matters relating to the probate and contest of wills and testaments, the granting of letters testamentary and of administration, and the settlement and distribution of decedents' estates. The court granting the letters has exclusive jurisdiction of all matters touching the settlement and distribution of the estates for which letters have been granted. *The jurisdiction over subject matter of the district court sitting in probate, sometimes referred to in this Title 2 as the "probate court", is coextensive with the jurisdiction over subject matter of the district*

*court in any civil action.* A decree of distribution entered by the district court in probate, pursuant to W.S. 2-7-807 or 2-7-813 shall be a final determination of title as to assets described therein, as to all distributees served with notice, or who have waived notice, of the hearing provided for in W.S. 2-7-807 or 2-7-811, as the case may be. As to all other parties, an action may be brought and maintained at any time prior to the entry of final decree of distribution under W.S. 2-7-813, by or against the personal representative in the district court, sitting in probate, seeking any legal or equitable remedy as to any interest in property, real or personal, in which the estate asserts or claims any interest. In addition, all causes cognizable in the district court in any civil action may be brought and maintained, at any time prior to the entry of final decree of distribution under W.S. 2-7-813, by or against a personal representative in the district court sitting in probate which granted the letters to the personal representative.